```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-CIV-20589-GAYLES
                              MAGISTRATE JUDGE P. A. WHITE
```

LAZARO DIAZ CARDENAS,             :

    Petitioner,              :

v.                                :      REPORT OF
                                         MAGISTRATE JUDGE
JEFF SESSIONS, et al.,
                                  :
    Respondents.
_____       :

## I. Introduction

Petitioner, Lazaro Diaz Cardenas, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging as unlawful his detention by United States Immigration and Customs Enforcement ("ICE"). This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court has reviewed the petition (DE#1) and the Respondent's response to an order to show cause and its exhibits thereto. (DE#11).

## II. Discussion

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States...." 28 U.S.C. §2241(c)(3); accord Maleng v. Cook, 490 U.S. 488, 490-91 (1989). The "in custody" determination is made at the time the section 2241 petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Petitioner has clearly met the "in custody" requirement in that he was confined when he filed the instant

petition. However, this Court has no continuing jurisdiction in this case.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to "'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citation omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). In other words, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The doctrine of mootness derives "directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242. Thus, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Therefore, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the moving party meaningful relief, then the case is moot and must be dismissed. In fact, dismissal is required because mootness is jurisdictional.

Since a habeas petition challenges prison officials' or, more accurately in this case, immigration officials' authority to keep a prisoner in custody, the petitioner's release moots a habeas petition. See generally Lane v. Williams, 455 U.S. 624, 632 (1982). Generally, where an alien is released from ICE custody pending removal from the United States, his petition for habeas relief is moot. See generally He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). See also Revan v. Mukasey, 2008 WL 3992291, *2 (S.D.Fla. 2008), *citing*, He v. Gonzales, supra; Ismaila v. Department of Homeland Sec., 2009 WL 1635781, *1 (S.D.Ala. 2009), *citing*, He v. Gonzales, supra; Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y.2004)("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, §2 of the United States Constitution."), *adopted by* Abdalla v. Ashcroft, 2004 WL 2491646 (W.D. N.Y. 2004).

In the instant proceeding, Petitioner has received the very relief he sought when he filed this proceeding; release on an order of supervision while awaiting his removal from the United States. (DE#11-1). Therefore, this Court can no longer order the federal respondents to release Petitioner, as requested in the petition, in that Petitioner has already been released from the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998). This action thus no longer presents a justiciable case or controversy within the meaning of Article III. This federal petition should, therefore, be dismissed as moot. See Sule v. Immigration & Naturalization Serv., 1999 WL 668716 (10th Cir. 1999)(petitioner's deportation to Nigeria rendered moot his §2241 habeas petition challenging both the order of deportation and his INS detention); see also Suarez-Tyida v. United States, 85 F.App'x 711, 715-16, 2004 WL 68758, *4 (10th Cir. 2004)(holding that

3

because alien had been released from indefinite immigration detention, he had "effectively received the relief he has requested," and his petition was moot).

### III. Conclusion

Based on the foregoing, it is recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 be DISMISSED AS MOOT without prejudice to Petitioner's right to file a future petition if circumstances change.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 16th day of April, 2018.

UNITED STATES MAGISTRATE JUDGE

cc: Lazaro Diaz Cardenas
    9801 NW 13th Court
    Miami, FL 33114
    PRO SE

    Jessica Elise Elliott
    United States Attorney's Office
    Southern District of Florida
    99 NE 4th Street
    Miami, FL 33132
    305-961-9335
    Email: jessica.elliott@usdoj.gov